WELLER (FRASER v.). See Case No. 5,064.

WELLER (ROGERS v.). See Case No. 12,-022.

WELLER, The SAM. See Case No. 12,290.

———

## Case No. 17,377.

### In re WELLES.

[18 N. B. R. 525.] [1]

District Court, S. D. New York. Aug. 9, 1878.

BANKRUPTCY—COMPOSITION.

[1. The fact that the schedules stated the real estate of the bankrupt as of unknown or uncertain value is not a good objection to a composition.]

[2. The objection that the estate could pay more will not avail, unless very clearly made out, and the disparity is evident.]

[In the matter of Henry S. Welles, a bankrupt.]

Tremain T. Tyler, for bankrupt.

R. F. Andrews, for opposing creditor.

CHOATE, District Judge. Motion to confirm composition.

1. The objection that the schedules stated the real estate of the bankrupt as of unknown or uncertain value is not a good objection to a composition. If the schedules are imperfect or indefinite, creditors may have them amended. or may get the information they may require by examination of the debtors or otherwise.

2. The objection that the house in Utica, standing in the name of the bankrupt's wife, should have been included in the schedules. and should be deemed the property of the bankrupt, must be overruled. The facts were brought out by the testimony, and submitted to the creditors, and it is immaterial whether the property was named in the schedules or not. The possibility that an assignee might by litigation receive something from this property was, no doubt, one of the considerations that the creditors weighed in coming to the conclusion to accept the composition. I cannot say that they judged unwisely in giving very little value to this possibility.

The general objection that the estate could pay more is not one that will avail, unless very clearly made out, and unless the disparity is evident. I cannot say that this is shown. Motion granted.

———

[1] [Reprinted by permission.]